IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Nick Mainville,<br><br>*On behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>College Town Pizza, Inc.; Route 41 Pizza, LLC; 5 Star Pizza, LLC; Two Ten Twenty Pizza, Inc.; Dough Management Inc.; Susan Graves; Dave Randall; Dennis Denman; Doe Corporation 1-10; John Doe 1-10,<br><br>Defendants. | Case No. 21-cv-2699 WMW/TNL<br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENT TO ORAL ARGUMENT HELD ON MAY 27, 2022** |

---

Plaintiff's "Supplement to Oral Argument Held on May 27, 2022" should be stricken from the record in this case, as the Parties previously fully briefed the issues presented in Defendants' Motion to Compel and presented oral arguments to the Court on May 27, 2022.[1]  However, to the extent the Court considers Plaintiff's "Supplement" Plaintiff has now admitted both at the hearing and in his "Supplement" that he is "not aware of any case that has addressed" his argument that FLSA claims are not arbitrable.  Instead,

---

[1]  It should be noted that Judge Wright's Practice Pointers and Preferences specifically state in the section related to In-Court Proceedings that "Counsel should be prepared to answer detailed questions about the case, including questions about the evidence in the record and <u>controlling legal authority</u>."  Moreover, the Local Rules expressly prohibit the filing of supporting memorandum unless "expressly allowed under LR 7.1." *See* LR 7.1(i).  Local Rule 7.1 does not authorize the filing of any sur-reply or other supplemental filing for either dispositive or non-dispositive motions.  *See* LR 7.1(b)-(c).

Plaintiff is requesting that this Court be *the first court in the country* to adopt his argument, which is based on a standard for approval of FLSA settlements that has (1) not been universally adopted by courts (including in the Eighth Circuit), and (2) is not grounded in the text of the FLSA—as would be required to find the type of "clearly expressed Congressional intent" needed to displace the FAA in the event the Court finds that the two statutes cannot be harmonized. *Epic Systems Corporation v. Lewis*, 138 S. Ct. 1612, 1624 (2018).[2] Plaintiff also completely failed to address (both at the hearing and in his "Supplement") the fact that every court to adopt the *Lynn's Food Stores, Inc.* standard has also expressly permitted arbitration of FLSA claims. *See* Dkt. No. 57 at 7-9.

Defendants respectfully request that the Court strike Plaintiff's "Supplement" from the record and grant Defendants' Motion to Compel.

[Signature block on following page.]

---

[2]   Plaintiff's reference to *Morgan v. Sundance, Inc.* is inapplicable. As noted by Defendants' counsel at the hearing, in *Sundance*, the Supreme Court affirmed the longstanding principle that the FAA places arbitration agreements on equal footing with other contracts. *Sundance* did not involve the interaction of two federal statutes, as here, where Plaintiff "bears the heavy burden of showing 'a clearly expressed congressional intention'" that the FLSA displaces the FAA. He cannot meet that burden.

Dated: June 20, 2022                                      RINKE NOONAN, LTD.


*/s/Roger C. Justin*
Roger C. Justin (#197270)
Suite 300 US Bank Plaza Building
1015 W. St. Germain St.
P.O. Box 1497
St. Cloud, MN 56302-1497
(320) 251-6700
(320) 656-3500 fax
Email: Rjustin@RinkeNoonan.com

and

FISHER & PHILLIPS LLP


*/s/Matthew R. Korn*
Matthew R. Korn (*pro hac vice*)
1320 Main Street, Suite 750
Columbia, SC 29201
(803) 740-7652
(803) 255-0202 fax
Email: mkorn@fisherphillips.com

ATTORNEYS FOR DEFENDANTS